```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                          2:09-cr-75-FtM-29SPC

JASON BERGIN

_____

## OPINION AND ORDER

This matter came before the Court on December 10, 2010, for a non-jury trial.  Defendant waived his right to a jury trial in writing and again orally in open court, and that waiver was consented to by the government and approved by the Court.  The parties filed a Stipulation (Doc. #376) setting forth facts which are agreed upon.

Defendant Jason Bergin and others were named in a two-count Indictment filed on September 16, 2009 (Doc. #3).  Count One charged that between January, 2008 and July 28, 2009, in Lee and Collier Counties, and elsewhere in the Middle District of Florida, Jason Bergin and eight other named individuals did conspire with each other and with unknown others to possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of Oxycodone and Methadone, Schedule II Controlled Substances, and Alprazolam, a Schedule IV Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and 18 U.S.C. § 2.

The Court finds the following facts beyond a reasonable doubt: Between January, 2007 and July 28, 2009, Jason Bergan conspired with others to possess with intent to distribute Oxycodone, Methadone, Alprazolam. This conspiracy occurred in Lee and Collier Counties, Florida, which are within the Middle District of Florida. Defendant Jason Bergin conspired with his wife, Carey Bergin, and a number of others during this time period.

Beginning in early 2007, Jason Bergin and Carey Bergin (collectively the Bergins) created fraudulent prescriptions and had them filled at local pharmacies in Lee County and Collier County, Florida. The Bergins then sold 30 mg. Oxycodone pills for $15-$17 per pill, or bottles of 100 such pills for $1,000-$1,500 per bottle. The Bergins also sold Alprazolam pills for about $5 per pill. The Bergins went to a pharmacy every week and passed fraudulent prescriptions for #240 Oxycodone 30 mg., #120 Oxycodone 15 mg., and #60 Alprazolam.

The Bergins then devised a plan to use other persons as runners to purchase the controlled substances from pharmacies with the fraudulent prescriptions. Carey Bergin filled out the prescriptions and Jason Bergin signed the prescriptions. The Bergins would then provide the runners with the fraudulent prescriptions, drive the runners to the pharmacy, and usually pay for the prescriptions. Carey Bergin provided the pharmacy with her cellular telephone number so she could pretend to be a physician's

office in order to verify the fraudulent prescriptions. In exchange for passing the fraudulent prescriptions, the Bergins would give the runners approximately 15% of the pills of Oxycodone, Methadone, and Alprazolam they obtained. The Bergins passed between 50-60 fraudulent prescriptions per month in this manner, obtaining thousands of such pills pursuant to the conspiracy.

Pursuant to 21 U.S.C. §§ 841(a)(1) and 846, it is illegal for an individual to conspire to possess with intent to distribute a controlled substance. Oxycodone is the generic name for Roxicodone, United States v. Johnston, 322 Fed. Appx. 660, 662 (11th Cir. 2009), and is commonly known as oxycontin. United States v. Westry, 524 F.3d 1198, 1203 (11th Cir. 2008). Oxycodone is a Schedule II controlled substance. 21 U.S.C. § 812(c); 21 C.F.R. § 1308.12(b)(1)(xiii). Methadone is a Schedule II controlled substance. 21 U.S.C. § 812(c), Schedule II (11); Johnston, 322 Fed. Appx. at 662 n.1. Alprazolam is the generic name for Xanax, Johnston, 322 Fed. Appx. at 662, and is a Schedule IV controlled substance. 21 C.F.R. § 1308.14(c)(1); Johnston, 322 Fed. Appx. at 662 n.1; United States v. Hunter, 260 Fed. Appx. 179, 181 n.1 (11th Cir. 2007).

"To support a conspiracy conviction, the government must prove (1) an agreement between the defendant and one or more persons, (2) the object of which is to do ... an unlawful act." United States v. Smith, 289 F.3d 696, 706 (11th Cir. 2002)(quotation omitted).

"To prove participation in a conspiracy, the government must [prove] ... that a conspiracy existed and that the defendant knowingly and voluntarily joined the conspiracy." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). The elements of possession with intent to distribute a controlled substance are: (1) knowing or intentional possession; (2) with intent to distribute; (3) a controlled substance. 21 U.S.C. § 841(a)(1). "To convict a defendant of possession with intent to distribute controlled substances, the [g]overnment must prove that he or she possessed drugs with the intent to distribute them." United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005). "The government may prove each of these elements with direct or circumstantial evidence." Id. (quotation omitted).

The Court finds that the United States has proven all the elements of Count One beyond a reasonable doubt. Jason Bergin agreed with others, including Carey Bergin and the individual runners, to possess with intent to distribute Oxycodone, Methadone, and Alprazolam. Each of the substances is a controlled substance. Jason Bergin knew the identity of each substance, and knew they were being obtained by fraudulent prescriptions. Jason Bergin also knew and agreed to distribute these substances, and provided a portion to each of the runners for the transactions they were involved in. These controlled substances were obtained pursuant to the agreement between Jason Bergin, Carey Bergin, and others; all

participants knew the unlawful purpose of the plan and willfully joined in the plan, and the object of the plan was to do just what was done - obtain possession of the controlled substances with the intent to distribute them.

The Court therefore adjudicates Jason Bergin to be guilty of Count One of the Indictment.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of December, 2010.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of Record